UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC CHI HOAC,<br><br>            Petitioner,<br><br>       v.<br><br>MOISES BECERRA, et al.,<br><br>            Respondents. | No. 2:25-cv-01740-DC-JDP (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter came before the court on June 30, 2025 for a hearing on Petitioner Quoc Chi Hoac's motion for temporary restraining order. Attorney Christine Raymond appeared on behalf of Petitioner. Assistant United States Attorney Michelle Rodriguez appeared on behalf of Respondents. For the reasons explained below, Petitioner's motion for temporary restraining order will be denied.

**BACKGROUND**

Petitioner is a refugee from Vietnam who entered the United States in 1987, around the age of fourteen. (Doc. No. 1 at ¶ 27.) Petitioner has resided in the United States since his arrival. In 1989, he adjusted his status to a lawful permanent resident of the United States, retroactive to November 20, 1989. (Doc. No. 18-1 at ¶ 5.)

In 1996, Petitioner was convicted of violating California Penal Code sections 187 and 25850. (*Id.* at ¶¶ 3, 28.) Petitioner thereafter was sentenced and served approximately twenty-

1

1    seven years in a California state prison. (*Id.*) In 2023, Petitioner was released on parole after
2    demonstrating to the California Board of Parole Hearings and the California Governor that "he
3    had been fully rehabilitated and was not a danger to the community." (Doc. No. 1-1 at ¶ 3.)
4           U.S. Immigration and Customs Enforcement ("ICE"), a component of the Department of
5    Homeland Security ("DHS"), detained Petitioner upon his release from incarceration in 2023.
6    (Doc. Nos. 1 at ¶ 28; 1-1 at 3.) Petitioner underwent removal proceedings while detained and was
7    ordered removed by an immigration judge on September 6, 2023. (Doc. No. 1 at ¶ 28.) Petitioner
8    did not contest the removal order to Vietnam. (*Id.*) Instead, Petitioner accepted the removal order
9    based on his belief that "he would not actually be deported" because he is covered by the
10   "Repatriation Agreement Between the United States of America and Vietnam," which states that
11   "Vietnamese citizens are not subject to return to Vietnam under this Agreement if they arrived in
12   the United States before July 12, 1995 . . . ." (*Id.* at ¶¶ 4, 28; *see also* Doc. No. 1-1 at ¶ 4 n.1.)
13   Petitioner still maintains he cannot be removed to Vietnam due to the repatriation agreement.
14   (Doc. No. 1 at ¶¶ 32, 49.)
15          Petitioner was released from ICE detention in 2023, after approximately ninety days. (*Id.*
16   at ¶ 29.) Upon his release from ICE detention, Petitioner was placed on a Form I-220B, Order of
17   Supervision ("OSUP") . (*Id.* at ¶¶ 4–5, 29.) According to Petitioner, Petitioner's OSUP allowed
18   him to "remain free from custody following his removal proceedings because he is neither a flight
19   risk nor a danger to the community." (*Id.* at ¶ 4.) Petitioner's OSUP required Petitioner to attend
20   weekly "check in" appointments at the ICE San Francisco office. (*Id.* ¶ 29.)
21          Petitioner alleges that since his release from ICE custody in 2023, he has complied with
22   the terms of his OSUP by checking in at the ICE San Francisco office on a weekly basis. (*Id.*)
23   Petitioner has also applied for and received a work authorization document and secured
24   employment at Urban Alchemy, a non-profit organization. (*Id.*) Petitioner further alleges that he
25   has been "working and reconnecting with family after having been incarcerated for almost 30
26   years." (*Id.* at ¶ 33.)
27          On June 4, 2025, ICE officers detained Petitioner when he arrived for his weekly
28   appointment at the ICE San Francisco office. (*Id.* at ¶ 5, 30). Petitioner asserts he did not receive

1  advance notice or the opportunity for a due process hearing prior to his re-detention. (*Id.* at 30.)
2  Petitioner alleges that the only explanation ICE provided for his re-detention was that Petitioner
3  had an "arrest warrant." (*Id.* ¶ 31.) Petitioner presumes the "arrest warrant" has existed since he
4  was first ordered removed by an immigration judge on September 6, 2023. (*Id.*) Petitioner
5  believes that his Form I-220B OSUP has not been "revoked, withdrawn, or otherwise cancelled."
6  (*Id.*) Petitioner is currently detained by DHS at the Golden States Annex ICE Detention Center in
7  McFarland, California. (*Id.* at ¶¶ 12, 37.)

8      On June 20, 2025, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. §
9  2241. (*Id.* at 1.) Petitioner asserts four causes of action: (1) unlawful re-detention in violation of 8
10 C.F.R. §§ 241.13(i)(2), 1231(a)(6); (2) violation of procedures for revocation of release in
11 violation of 8 C.F.R. § 241.13(i)(3); (3) violation of the Immigration and Nationality Act of 1952
12 ("INA"); and (4) violation of his procedural due process rights under the Fifth Amendment to the
13 United States Constitution. (*Id.* at 20–23.)

14     Also on June 20, 2025, Petitioner filed a motion for temporary restraining order. (Doc.
15 No. 2.) On June 23, 2025, this court ordered Petitioner to serve Respondents with a copy of the
16 petition, motion for temporary restraining order, and accompanying papers. (Doc. No. 5.) After
17 Respondents were served, this court issued a briefing schedule and set a hearing on the motion for
18 June 30, 2025. (Doc. No. 13.) Respondents filed their opposition to Petitioner's motion for
19 temporary restraining order on June 27, 2025.[1] (Doc. No. 18.) Petitioner filed a reply thereto on
20 June 28, 2025. (Doc. No. 19).

21                                                       **LEGAL STANDARD**

22     The purpose of a temporary restraining order is to preserve the status quo and to prevent
23 irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose*
24 *Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing

---

25 [1] In their opposition, Respondents move to strike and dismiss "all unlawfully named officials
26 under § 2241." (Doc. No. 1, n.1) The proper respondent rule states that the proper respondent in a "core" habeas petition challenging present physical confinement is the immediate custodian. *Doe*
27 *v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). Petitioner has properly named their immediate custodian, the Facility Administrator of the Golden State Annex. However, if Respondents seek
28 to dismiss the other Respondents from this action, they must do so in a properly noticed motion.

of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*, 555 U.S. at 22.

A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for temporary restraining order]." *Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 745 F.Supp.3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F.Supp.3d 1177, 1185 (C.D. Cal. 2015).

## ANALYSIS

In his motion for temporary restraining order, Petitioner seeks a court order requiring that "Respondents shall release Petitioner from custody immediately and are enjoined from re-detaining him unless and until he is afforded a hearing before a neutral adjudicator on whether his re-detention is not indefinite, and further whether it is justified by evidence that he is a danger to the community or a flight risk." (Doc. Nos. 2 at 24; 2-1 at 2.)

At the hearing on Petitioner's motion, the court asked Petitioner to clarify what he meant by the phrase "neutral adjudicator." Petitioner indicated that the "neutral adjudicator" referred to in his motion is this court. Petitioner further explained that the relief he is seeking at this stage is that this court release Petitioner and enjoin Respondents from re-detaining him unless and until this court makes a finding that his detention would not be indefinite, such that there is a changed circumstance making it reasonably foreseeable that he is likely to be removed from this country.

The injunctive relief Petitioner seeks in his motion and at the hearing, however, is improper. The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. §

4

1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal. 8 U.S.C. §1231(a)(1). However, once that time passes and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" and the noncitizen must be released. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Upon release, a noncitizen subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6). The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. Specifically, a noncitizen's release may be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Upon such a determination:

> [T]he alien will be notified of the reasons for revocation of his or her release. [] [ICE] will conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

*Id*. at § 241.13(i)(3). If the noncitizen is not released from custody following the informal interview, continued detention is governed by 8 C.F.R. § 241.4. *Id*. at § 241.13(i)(2).

Here, Petitioner requests the court enjoin respondents from re-detaining him unless this court first holds a hearing and makes factual findings as to whether his re-detainment is warranted. However, Petitioner's proposed injunctive relief interferes with the Executive Branch's authority. At bottom, Petitioner's requested injunctive relief would require this court to make the initial finding that a changed circumstance has occurred such that Petitioner can be re-detained. This request is squarely at odds with the plain language of 8 C.F.R § 241.13(i)(2). *See Van Nguyen v. Hyde*, No. 25-cv-11470-MJJ, 2025 WL 1725791, at *3 (D. Mass. Jun. 20, 2025) (finding the plain language of § 241.13(i)(2), does not allow a court, in the first instance, to make

1 an individualized finding that a changed circumstances has occurred) (quoting *Kong v. United*
2 *States*, 62 F.4th 608, 620 (1st Cir. 2023)). Instead, the court is only authorized to review ICE's
3 initial determination of re-detainment in light of the factors set out in C.F.R. § 241.13(f). *Id.*
4 Indeed, "[t]he Supreme Court in *Zadvydas* did not imbue the courts with [] expansive authority to
5 interfere with the Government's ability to effectuate federal immigration law." *Trinh v. Homan*,
6 No. 18-cv-00316-CJC-GJS, 2018 WL 11184556, at * 8 (C.D. Cal. Oct. 18, 2018) (citing
7 *Zadvydas*, 533 U.S. at 659).

At the hearing held on Petitioner's motion, Petitioner directed the court to 28 U.S.C. § 2243 in support of the assertion that this court has the authority to prevent Respondents from re-detaining Petitioner only after this court conducts an initial hearing. However, § 2243 pertains to the issuance of a writ of habeas corpus, and does not include any information regarding the district court's ability to enjoin Respondents from re-detaining Petitioner if he were to be released. Further, Petitioner does not cite to any authority in his motion and did not point to any other relevant authority at the hearing to support the proposition that this court can enjoin Respondents from re-detaining Petitioner until this court conducts an initial hearing.

Accordingly, this court lacks authority to grant the relief requested, and on this basis alone, the motion will be denied.[2] *See Hoang Trinh*, 2018 WL 11184556, at *8 (finding that petitioners' proposed injunctive relief that the court "prevent the Government from detaining pre-1995 Vietnamese immigrant unless the Government makes an evidentiary showing that Vietnam agreed to repatriate them" was improper because it intruded on executive branch authority).

/////
/////
/////
/////

---

[2] At the hearing on Petitioner's motion for temporary restraining order, this court also denied Petitioner's request to enjoin Respondents from deporting Petitioner to a third country and from transferring Petitioner outside the jurisdiction of the San Francisco Field Office or the Eastern District of California as the requests are not properly before the court.

**CONCLUSION**

For the reasons explained above:

1. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED;

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**June 30, 2025**__   _____
Dena Coggins
United States District Judge

7